**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BORIS BORETSKY, et al., : | Civil Action No. 08-2265 (GEB) |
| Plaintiffs, : | |
| v. : | **OPINION** |
| JON CORZINE, Governor, : et al., : | |
| Defendants. : | |

**APPEARANCES:**

Plaintiffs pro se
Boris Boretsky
Francis Hannon
Matt Green
James Comer
Carmello Patriounga
Allan Schuster
Stephen Downer
Condell Woodson
Rasheed Muhammad
Roy Dove
Terence Thompson
Nathaniel Harvey
Marko Bey
Dwayne Gillispie
Stephen Mann
Santise Robinson
Desi R. Sykes
Lloyd Massey
Brian Wakefield
John Martini
Thernell Hundley
Steven Balsavich
at
New Jersey State Prison
Trenton, New Jersey

Sean Milliken
Robert A. Sicari
at
M.T.C.
Bridgewater, MA

RECEIVED
JUN 2 3 2008
AT 8:30
WILLIAM T. WALSH
CLERK

Wayne Crosby
Jose Alves
at
O.C.C.C.
Bridgewater, MA

David Myland
Carlo Montefusco
John Stote
Robert LeBlanc
at
S.B.C.C.
Shirley, MA

Lawrence McArthur
at
N.C.C.I.
Gardner, MA 01440

John Craig Haynes
at
East Jersey State Prison
Rahway, NJ


BROWN, JR., Chief Judge

This matter is before the Court upon submission of a civil Complaint, pursuant to 42 U.S.C. § 1983, by the 32 above-listed co-plaintiffs, who are confined in six different correctional facilities in two states.[1] Defendants include government and

---

[1] The caption of the Complaint includes the names of seven other co-plaintiffs, who also signed the Complaint. They are: Raymond Cook, Louis Urcinoli, Daniel Delgado, Michael Suarez, Howard Wilson, Christopher Tirado, and Todd Reed. The Clerk of the Court will be directed to correct the docket to reflect the participation of these additional co-plaintiffs. The Complaint fails to provide any addresses for these other seven co-plaintiffs. However, the Inmate Locator of the New Jersey Department of Corrections reflects that Co-Plaintiffs Urcinoli, Delgado, Suarez, Wilson, and Tirado are confined at New Jersey State Prison. The Clerk will be directed to reflect the address

corrections officials in three states: New Jersey, Pennsylvania, and Maryland.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiffs' Complaint and are accepted as true for purposes of this review.

Plaintiffs allege that Co-Plaintiff Francis Hannon was convicted of state crimes in Pennsylvania. Plaintiffs allege further that, in October 2006, Co-Plaintiff Hannon was advised that he was being transferred from S.B.C.C. in Massachusetts because of his lawsuits and grievances and because he was assisting other inmates in their litigations. Plaintiffs allege that this transfer was the result of a request from Ronald L. Rheault to Defendants Jeffrey Beard and Jennifer Hendricks of the

---

of New Jersey State Prison as the address of these five co-plaintiffs. Pursuant to District of New Jersey Local Civil Rule 10.1, the initial pleading of any party filed in any civil action shall state the street and post office address of each named part to the case. Any pleading which does not comply with this requirement is subject to being stricken and may be returned to the submitting party. For failure to comply with this Rule, the claims of Raymond Cook and Tood Reed shall be dismissed without prejudice.

Pennsylvania Department of Corrections. Co-Plaintiff Hannon was transferred to New Jersey State Prison on January 1, 2007.

Plaintiffs allege that when Co-Plaintiff Hannon received his property, following his transfer, it was missing some personal property and legal materials relevant to litigation then pending in the District of Columbia. Plaintiffs also allege that it was missing legal materials belonging to nine other prisoners, most of whom are co-plaintiffs here. Plaintiffs allege that the withholding of this property is part of a conspiracy between New Jersey, Massachusetts, and Pennsylvania Departments of Corrections to deny "him" (presumably, Co-Plaintiff Hannon) access to the courts. (Complaint, ¶ 16.) Plaintiffs further allege that corrections officials have retaliated against "him" (again, presumably, Co-Plaintiff Hannon) for assisting other inmates with their legal concerns by filing grievances and lawsuits. (Complaint, ¶ 16.)

Plaintiffs further allege that Co-Plaintiffs Milliken, Alves, Crosby, Myland, Montefusco, Stote, Sicari, Balsavich, LeBlanc, McArthur, and Haynes were subjected to retaliation by the transfer of Plaintiff Hannon because of his "successful" assistance in their criminal, civil, and administrative litigation. (Complaint, ¶ 19.)

Plaintiffs allege that, as a direct result of this loss of legal materials, the following cases were lost: <u>Crosby v. DC</u>, No.

4

05-6625; Milliken v. DC, No. 05-4671; Myland v. DC, 2007 CA 006876B; Stote v. Maloney, No. 03-12067 (forced to settle the Verizon claim for less than fair value); No. 06-cv-00978; Sean Milliken v. Michael Ross, CA 83133-03; Hannon v. Allen, No. 06-3920; and other cases. (Complaint, ¶¶ 20, 22.) Plaintiffs also allege that Co-Plaintiff Hannon was not able to pursue post-conviction relief because of the alleged confiscation of his legal material. The Complaint does not further describe the courts in which these matters are pending, the identities of the co-plaintiffs who were parties to these cases, or the manner in which the loss of undescribed legal materials caused the results in these cases.

Plaintiffs allege that in March and April of 2007, Co-Plaintiffs LeBlanc, Montefusco, Milliken, Alves, Stote, Myland, McArthur, Balsavich, Crosby, Sicari, and Cook sent Co-Plaintiff Hannon "evidence" in support of claims asserted in civil litigation, but that "Defendants" intercepted the mail and never delivered it to Plaintiff Hannon. Plaintiffs allege that as a result of the confiscation of this mail, these co-plaintiffs "lost" their cases. The "evidence" and the cases are not otherwise described. (Complaint, ¶ 45.)

Plaintiffs allege that Defendant Kristen P. Reisinger, of the Pennsylvania Department of Corrections, attempted to interfere with Co-Plaintiff Hannon complying with the exhaustion

requirement of 42 U.S.C. § 1997e(a), by dismissing his retaliation/access to court/environmental grievance because the required documents were not provided.

Plaintiffs allege that Defendants Beard, Handricks and Reisinger communicated "disruptive thoughts" about Co-Plaintiff Hannon to Defendants Ricci, Hayman, Mee, and Hutton, which allegedly subjected Co-Plaintiff Hannon to retaliation including being denied access to the law library and being placed in isolation on April 15, 2008.

Plaintiffs also allege that the following co-plaintiffs were "unlawfully and illegally" placed in isolation on various dates in April, 2008: Boris Boretsky, Francis Hannon, Dwayne Gillespie, Desi R. Sykes, Marko Bey, Thernell Hundley, Matt Green, Condell Woodson, Nathaniel Harvey, Terence Thompson, John Martini, Roy Dove, Brian Wakefield, Stephan Mann, Santise Robinson, Todd Reed, Lloyd Massey, and Rasheed Muhammad. With respect to most of these persons, Plaintiffs allege that they know of no reason for the placement in isolation. Plaintiffs make various allegations that placement in isolation has caused certain co-plaintiffs placed in isolation to miss religious services, educational programs, legal telephone calls, access to legal materials, jobs, etc.

Plaintiffs allege that Co-Plaintiff Green was placed in isolation by Defendants Hayman, Rici, Mee, Hutton, Emrich,

6

Sondervan, and Jenkins in retaliation for his complaints about legal materials being confiscated and in an attempt to frustrate his efforts to obtain post-conviction relief and constitutional living conditions.

Plaintiffs allege that Co-Plaintiff Boretsky suffers from a heart condition that has been aggravated by his placement in isolation. Plaintiffs allege that the decision to place Plaintiff Boretsky in isolation was made by Defendants Corzine and Milgram.

Plaintiffs allege that the conditions of confinement at New Jersey State Prison are unconstitutional and violate the rights of Co-Plaintiffs Boretsky, Hannon, Green, Comer, Patriounga, Schuster, Downer, Woodson, Muhammad, Dove, Thompson, Harvey, Bey, Gillispie, Mann, Robinson, Sykes, Massey, Wakefield, Martini, Hundley, Balsavich, Haynes, Urcinoli, Delgado, Wilson, Suarez, Tirado, and Reed. Specifically, Plaintiffs allege inadequacies in the law library schedule, outdoor recreation, educational programs, and job opportunities. In addition, Plaintiffs allege inadequacies in the cleaning supplies, ventilation, hot water supply, and exposure to toxins and filth. Plaintiffs allege that the inadequate ventilation and exposure to toxins has caused a variety of health problems.

Plaintiffs also allege violations of various federal statutes with respect to specified individual or subgroups of co-

plaintiffs, by various individual or subgroups of co-defendants, including alleged violations of the Interstate Corrections Compact, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq., and the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb et seq.

Plaintiffs request appointment of counsel. Plaintiffs seek injunctive relief and compensatory and punitive damages.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted). Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. ANALYSIS

Because this action by 39 co-plaintiffs, confined in six institutions in two states, against 19 co-defendants in three states, may not proceed in its current form, it is not necessary to determine at this time whether any of the claims are subject to dismissal under 28 U.S.C. § 1915A or 42 U.S.C. § 1997e.

Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties and provides, in pertinent part, that persons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a)(1). Similarly, persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2).

In <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." 383 U.S. at 724 (footnote omitted). Consistent with this policy, the requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. <u>Swan v. Ray</u>, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. <u>See</u>, <u>e.g.</u>,

Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997). This Complaint fails to meet Rule 20's permissive joinder requirements for either the named co-plaintiffs or co-defendants.

Upon inspection, rather, it is clear that this Complaint comprises numerous separate lawsuits, stitched together. Certainly, the 39 co-plaintiffs do not assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, nor is there any question of law or fact common to all co-plaintiffs. For example, there is no commonality between the access-to-courts claims of the prisoners confined in Massachusetts and the conditions-of-confinement claims of the prisoners confined at New Jersey State Prison. There is no commonality between the retaliatory transfer claim of Co-Plaintiff Hannon and the religious freedom claims of Co-Plaintiff Boris Boretsky. Similarly, the claims by certain co-plaintiffs that they have been deprived of liberty without due process by their placement in "isolation" for no apparent reason are unrelated to the claims of any of the other co-plaintiffs.

Nor does the Complaint allege facts establishing the required commonality among the defendants. For example, there is no legal or factual thread tying the allegations against Co-Defendant Kristen Reisinger, Chief Grievance Officer for the

Pennsylvania Department of Corrections, that she interfered with Co-Plaintiff Hannon's grievance, to the allegations against Co-Defendant Yuvonka Jenkins, ICC Administrator for the Maryland Department of Corrections, that she retaliated against Co-Plaintiff Green and denied him access to the courts.

These claims are not appropriate for joinder. Cf. Pope v. Miller, No. CIV-07-0284-F, 2007 WL 2427978 (W.D. Okla. Aug. 21, 2007) (not appropriate to join access-to-courts claims and Eighth Amendment medical-care and conditions-of-confinement claims).

In addition, many federal district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder of prisoner plaintiffs otherwise allowed by Rule 20(a)(1). See, e.g., Steward v. Mississippi, Civ. Act. No. 2:07cv184, 2007 WL 4375210 (S.D. Miss. Dec. 12, 2007); Amir-Sharif v. Dallas County, No. 3:06-CV-0143-K, 2006 WL 2860552 (N.D. Tex. Oct. 5, 2006); Wasko v. Allen County Jail, No. 1:06-CV-085, 2006 WL 978956 (N.D.Ind. April 12, 2006); Swenson v. MacDonald, No. CV 05-93, 2006 WL 240233 (D. Mont. Jan. 30, 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.

These courts also have noted that jail populations are notably transitory, making joint litigation difficult. That difficulty is certainly a factor here, where the co-plaintiffs are confined at six different institutions in two states. Cf. White v. Tennessee Bd. of Probation and Paroles, No. 06-2784-B/P, 2007 WL 1309402 (W.D. Tenn. May 3, 2007) ("it is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Another consideration is the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233, at *4.

Other district courts also have noted the need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a). See, e.g., Worthen v. Oklahoma Dept. of Corrections, No. CIV-07-687-R, 2007 WL 4563665 (W.D. Okla. Dec. 7, 2007) (Report and Recommendation), Report and Recommendation Adopted in pertinent part, 2007 WL 4563644 (W.D. Okla. Dec. 20, 2007); Lilly v. Ozmint, No. Civ. A. 2:07-01932-DF, 2007 WL 2022190 (D.S.C. July 11, 2007).

This Court finds the reasoning of these district courts persuasive. Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult. In this regard, the Court

14

notes that the co-plaintiffs here are widely scattered and one in particular, Francis Hannon, complains of frequent transfers. According to the allegations of the Complaint, several are confined in isolation, which may increase the difficulties inherent in joint litigation.

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just." It would not be just to dismiss this case in its entirety merely because the co-plaintiffs' claims may not be joined. Instead, this Court will dismiss all co-plaintiffs except Boris Boretsky, the first named co-plaintiff, and will direct the Clerk to open a separate case for each dismissed co-plaintiff (except Raymond Cook and Todd Reed, whose claims are dismissible under Local Civil Rule 10.1), docketing this Complaint therein as "received" and also docketing therein this Opinion and the accompanying Order. Plaintiff Boretsky and each plaintiff with a newly-opened separate case will be granted leave to file an amended complaint asserting his individual claims.[2]

---

[2] It is not apparent from records in this matter which co-plaintiff paid the filing fee. Accordingly, it will be credited to this action. In each of the newly-opened actions, each plaintiff must either pay the filing fee or submit an application establishing his eligibility to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Any co-plaintiff who contends that the filing fee paid in this action should be credited to his newly-opened action, instead of to this action, may file the appropriate motion for reconsideration of this aspect of the Opinion and Order, here, pursuant to the accompanying Order.

Nothing in this Opinion should be construed as precluding all plaintiffs in the individual actions from cooperating to the extent that they are able or as preventing consolidation of these cases for any purposes if that becomes appropriate at a later date.

## V. CONCLUSION

For the reasons set forth above, all co-plaintiffs except the first-named Plaintiff Boris Boretsky will be dismissed from this action. New separate actions will be opened for all dismissed co-plaintiffs except Raymond Cook and Todd Reed, and Plaintiff Boris Boretsky and all plaintiffs in newly-opened actions will be granted leave to file amended complaints asserting their individual claims.[3] An appropriate order follows.

```
                                    Garrett E. Brown, Jr.
                                    Chief Judge
                                    United States District Court
```

Dated: June 23, 2008

---

[3] Each such amended complaint will be subject to the preliminary screening requirements of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and/or 42 U.S.C. § 1997e, as appropriate.