UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BORIS BORETSKY, | CIVIL ACTION NO. 08-2265 (GEB) |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| v. | |
| JON CORZINE, et. al, | |
| Defendants. | |

This matter, having been opened by the Court upon Motion by Plaintiff Boris Boretsky ("Plaintiff") for a "temporary restraining order and preliminary injunction for appropriate compliance under the First, Eight [*sic*] and Fourteenth Amendments to the U.S. Constitution." [Docket Entry No. 57]. The underlying case is brought by Plaintiff pursuant to 42 U.S.C. §1983 and alleges various violations of his rights. For the foregoing reasons, this Court hereby recommends that the District Court DENY Plaintiff's application for a temporary restraining order and preliminary injunction.

## I. PROCEDURAL HISTORY

On May 12, 2008, Plaintiff and approximately thirty-nine other prisoners filed a complaint against Jon Corzine, Michelle R. Ricci, Anne Milgram, George W. Hayman and several others for alleged violations of their constitutional rights while incarcerated, among other claims. [Docket Entry No. 1]. On June 23, 2008, the Court entered an order dismissing all co-plaintiffs from the instant action except for Boris Boretsky, with the instruction that new cases would be opened for the enumerated co-plaintiffs. [Docket Entry No. 20]. The Court's Order also stated that within thirty days, each plaintiff, including Plaintiff Boretsky, could indicate his intent to proceed with his case by filing an amended complaint asserting his individual claims. [Docket Entry No. 20]. On July 7, 2008,

Plaintiff Boretsky and twenty-two co-plaintiffs together filed an amended complaint, purportedly in compliance with the Court's instructions in Its June 23rd Order. [Docket Entry No. 24]. On July 23, 2008, the Court entered an Order, dismissing the amended complaint filed by the twenty-three co-plaintiffs and allowed the co-plaintiffs fourteen days to filed amended complaints asserting their individual claims. [Docket Entry No. 41]. On August 1, 2008, Plaintiff Boretsky filed his amended complaint in compliance with the Court's Order. [Docket Entry No. 50]. On September 15, 2008, Plaintiff Boretsky filed the instant Motion for Temporary Restraining Order and Preliminary Injunction. [Docket Entry No. 57]. Subsequently, the Court completed Its initial review of Plaintiff's Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from such relief. On November 20, 2008, the Court entered an Order allowing Plaintiff's Eighth Amendment conditions of confinement claim to proceed against all Defendants; allowing Plaintiff's First Amendment free exercise claim to proceed against Defendants Milgram, Hayman, Ricci, Mee, Jr. and Bell; dismissing with prejudice Plaintiff's claim under the Religious Freedom Restoration Act; allowing Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act to proceed against Defendants Milgram, Hayman, Ricci, Mee, Jr. and Bell; allowing Plaintiff's Due Process claim arising out of Plaintiff's transfer to "isolation" to proceed against Defendants Milgram, Hayman, Ricci, Mee, Jr. and Bell; and dismissing all Plaintiff's other claims without prejudice. [Docket Entry No. 64].

Currently before the Court is the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. [Docket Entry No. 57]. Plaintiff is requesting that the Court issue a Temporary Restraining Order and Preliminary Injunction "for appropriate compliance under the First,

Eight [*sic*] and Fourteenth Amendments to the U.S. Constitution...and an Order directing the New Jersey Department of Correction [*sic*] to stop violating [Plaintiff's] rights under the First, Eight [*sic*] and Fourteenth Amendments to the U.S. Constitution and to immediately stop retaliating against [Plaintiff]." (Pl.'s Mot. T.R.O. Prelim. Inj. at 1.)

## II. DISCUSSION AND LEGAL ANALYSIS

"[T]he grant of injunctive relief is an extraordinary remedy...which should be granted only in limited circumstances." Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) citing United States v. City of Philadelphia, 644 F.2d 187, 191 n.1 (3d Cir.1980). In ruling on a motion for a preliminary injunction, the court must consider: (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. Opticians Ass'n v. Indep. Opticians, 920 F. 2d 187, 191-92 (3d Cir. 1990). The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief. (Id. at 192.)

**1. Likelihood Plaintiff Will Prevail at Final Hearing**

The first factor relevant to the analysis for the issuance of a preliminary injunction is the likelihood that the Plaintiff will ultimately be successful in the underlying case. American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994). "It is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather *the burden is on the party seeking relief* to make a prima facie case showing a reasonable probability that it will prevail on the merits." [*emphasis added*]. Punnett v. Carter, 621 F.2d 578, 583 (3d. Cir.

1980). Further, "in order to obtain a preliminary injunction, plaintiffs must show...that they are reasonably likely to succeed on the merits. A court may not grant this kind of injunctive relief without satisfying these requirements, regardless of what the equities seem to require...A preliminary injunction may not be based on facts not presented at a hearing, or not presented through affidavits, deposition testimony, or other documents about the particular situations of the moving parties." Adams v. Freedom Forge Corp., 204 F.3d 475, 484 & 487 (3d. Cir. 2000).

 In his moving papers for the Temporary Restraining Order and Preliminary Injunction, Plaintiff contends that he is likely to succeed on the merits because "[w]hat defendants have done and are doing is intentionally denying Plaintiff access to the courts, retaliating against him, and denying him the right to congregate with other members of their religious community of the New Jersey State Prison for worship is in direct violation of the First, Eight [*sic*] and Fourteenth Amendments of the United States Constitution." (Pl.'s Mot. T.R.O. Prelim. Inj. at 4.)  Plaintiff then cites two Ninth Circuit opinions and one Tenth Circuit opinion, presumably in support of his previous statement: Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.); Ramos v. Lamm 639 F.2d 559, 574 (10th Cir.); Greene v. Solano County Jail, 2008 WL 170313, (C.A.9 (Cal.) 2008).  Id.  In support of his Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff provides a declaration.  His declaration makes several allegations, including, to name a few, that: Correctional Officer Davis has harassed and retaliated against him for filing the underlying lawsuit; that the officer stole his laundry and refused to replace his underwear and as a result he has to wash his underwear daily; that he asked Correctional Officer Davis to let him out of his cell to perform his assigned institutional job and even though she appeared very annoyed, she did let him out; that he ran a clothesline against his cell wall with permission from Defendant Ricci but when he requested that Correctional Officer Davis permit

him to leave his cell to perform his job, an hour later he was written up with a disciplinary charge for having the clothesline on the wall; that the charge brought against him was arbitrary and capricious and violated due process; that he was retaliated against by Correctional Officer Davis and Sgt. Abrams for his involvement in constitutionally protected activity, in particular the filing of the underlying action. (Boretsky Decl. ¶1-20.)

Neither Plaintiff's Motion nor his supporting affidavit provides this Court with sufficient evidence to conclude that he will likely prevail at the final hearing. In his Motion papers, Plaintiff simply provides a conclusory statement that what defendants are doing is wrong and then provides three case citations with no explanation as to the holdings in those cases and their relevance to the matter at hand. Further, Plaintiff's declaration also fails to provide this Court with sufficient information or evidence to cause the Court to conclude that Plaintiff will likely prevail at the final hearing. His declaration contains minimal facts without any connection to his claims in the underlying action or explanation outlining how those facts support his claim that he will likely prevail at the final hearing. His declaration appears to primarily focus on alleged retaliation by the Defendants and does not appear to contain facts pertaining to his Eighth Amendment conditions of confinement claim, his First Amendment Free Exercise claim, his Religious Freedom Restoration Act claim, his Religious Land Use and Institutionalized Persons Act claim; or his Due Process claim arising out of his transfer to "isolation."

The Court finds that Plaintiff has failed to meet his burden to make a prima facie case showing a reasonable probability that he will prevail on the merits and consequently Plaintiff has failed to satisfy the first factor for the issuance of a preliminary injunction.

It is unnecessary for the Court to continue Its preliminary injunction analysis because the first

factor has not been met and satisfaction of all four factors is necessary for a preliminary injunction to be issued. Opticians Ass'n v. Indep. Opticians, 920 F. 2d at 92. However, for the sake of completeness, the Court shall briefly evaluate the remaining factors.

**2. Extent of Irreparable Harm to Plaintiff**

The second prong of the analysis evaluates the extent of irreparable harm that will be suffered by the Plaintiff if the preliminary injunction is not issued. Opticians Ass'n at 192. In his moving papers for a preliminary injunction and temporary restraining order, Plaintiff states that he is "being subjected to retaliation for bringing this action...If the Plaintiff does not receive appropriate compliance with the U.S. Constitution his condition will deteriorate. In addition the plaintiff is threatened with irreparable harm because of the nature of the on-going daily problem." (Pl.'s Mot. T.R.O. Prelim. Inj. at 3.) In support of these assertions, Plaintiff provides the following case citations: "**Morgan v. Sproat**, 432 F.Supp. 1130 (1977); **Hunt v. Dental Dept.**, 865 F.2d 198, 200 (9th Cir.); **Ramos v. Lamm.**, 639 F.2d 559, 574 (10th Cir.); **Matzker v. Herr**, 748 F.2d 1142, 1147-48; **Dean v. Coughlin**, 623 F.Sup. 392, 400-01 and **Greene v. Solano County Jail**, 2008 WL 170313, (C.A.9(Cal)2008); **Planned Parenthood Minnesota v. Rounos**, 467 F.3d 716, 727 (8th Cir. 2006) (**Quoting Kirkeby v. Furnees**, 52 F.3d 772, 775 (8th Cir. 1995) (vacated pending rehearing en banc); see also 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, §§ 2948.1 (2nd ed. 2004) ("when alleged deprivation of constitutional right is involved, most courts hold no further showing of irreparable injury is necessary"); **Warsoldier v. Woodford**, 1 F.3d 989, 1001 (9th Cir. 2005) ("a party seeking preliminary injunction relief in a First Amendment context can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable First Amendment claim") (quating [*sic*] **Sammaranto v, First Judicial Dist.**

**Court.**, 303 F3rd 959, 973-74 (9th Cir. 2002); **Connecticut Dept, of Environmental Protection v. O.S.H.A.**, 356 F3rd 226, 231 (2nd Cir. 2004 **( noting that "the illegal violation of a [sic] constitutional rights trigger a finding of irreparable injury" and that "violation of constitutional right presumed to be irreparable").**" (emphasis in the brief). Id. Plaintiff does not cite to any case law from the Third Circuit.

Plaintiff's declaration makes the following allegations, to name a few: that Correctional Officer Davis has harassed and retaliated against him for filing the underlying lawsuit; that the officer stole his laundry and refused to replace his underwear and as a result he has to wash his underwear daily; that he ran a clothesline against his cell wall with permission from Defendant Ricci but when he requested that Correctional Officer Davis permit him to leave his cell to perform his job, an hour later he was written up with a disciplinary charge for having the clothesline on the wall; that the charge brought against him was arbitrary and capricious and violated due process; that he was retaliated against by Correctional Officer Davis and Sgt. Abrams for his involvement in constitutionally protected activity, in particular the filing of the underlying action. (Boretsky Decl. ¶1-20.)

In order to meet this factor of the test, the plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury...and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." (citations and internal quotation marks omitted)). Los Angeles v. Lyons, 461 U.S. 95, 101-02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Importantly, "an injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights[.]" Barkley v. Ricci, 2007 WL 4440178, *1 (D.N.J. Dec.17, 2007) (internal quotation and editing marks omitted).

As with the first factor, neither Plaintiff's moving papers for the preliminary injunction and

temporary restraining order nor his declaration provide this Court with sufficient information to establish that the harm alleged by Plaintiff would be irreparable (i.e. both real and immediate). It seems from the cases he cites that Plaintiff is arguing that a loss of his constitutional rights, even for a limited period of time, is irreparable harm. However, Plaintiff does not provide specific information to the Court in his moving papers or supporting declaration as to what constitutional right he is losing or how he will be irreparably harmed. Instead, as with the first factor, Plaintiff has simply provided the Court with a conclusory statement that he will suffer irreparable harm and then cites to various cases outside of the Third Circuit with no further explanation. Further, Plaintiff does not attempt to provide the Court with any connection between his conclusory statements regarding this factor and the statements contained in his Declaration. Therefore, Plaintiff does not satisfy the second factor of the test for the issuance of a preliminary injunction.

**3. Extent of Irreparable Harm to Defendant**

The third prong of the analysis for the issuance of a preliminary injunction evaluates the extent of irreparable harm that will be suffered by the Defendants if the preliminary injunction is issued. Opticians Ass'n at 192. In this case, Defendant argues that "it is an extraordinarily difficult task to maintain the safety and security of correctional facilities, as well as the inmates...[and therefore] Defendants should be given the discretion to which they are entitled by the courts." (Def.'s Opp. Pla.'s Mot. for T.R.O. Prelim. Inj. at 5.) Defendants further argue that "prison officials are 'accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" (Id. citing Whitley v. Albers, 475 U.S. 312, 321-22 (1986).) Defendants further contend that they have a clear interest in maintaining the safety and security of the inmates at the NJSP, as well as the NJSP facility.

(Id. at 6.)  Plaintiff argues that the hardship to the defendant "amounts to no more than business as usual."  (Pla.'s Mot. for T.R.O. Prelim. Inj. at 4.)

In the matter at hand, if Plaintiff's preliminary injunction is granted, Defendant would be required to "stop violating [Plaintiff's] rights under the First, Eight [*sic*] and Fourteenth Amendments to the U.S. Constitution and to immediately stop retaliating against [Plaintiff]."  Though it is not entirely clear from Plaintiff's moving papers or declaration precisely what this would require the Defendants to stop doing, it seems that at a minimum Plaintiff is requesting that Correctional Officer Davis be "kept away" from him.  Currently, it appears from Plaintiff's allegations, that Correctional Officer Davis is assigned, presumably by the Department of Corrections, to a duty which requires her to interact somewhat regularly with Plaintiff.

Prison officials are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Whitley v. Albers, 475 U.S. 312, 321-22 (1986).  As such, the Court finds that even though Defendants have not provided It with an abundance of detail as to the irreparable harm it would suffer if Plaintiff is granted a preliminary injunction, the case law to which Defendant cites along with Defendant's supporting arguments lead the Court to conclude that Defendant would suffer irreparable harm if forced to adjust the management of the prison to comply with Plaintiff's request.

### 4. Public Interest

The final prong in the analysis for the issuance of a preliminary injunction is an evaluation of the public interest. Opticians Ass'n at 192. Plaintiff argues that the granting of relief will serve the public interest because "it is always in the public interest for a prison officials [*sic*] to act in accordance with the law." (Pla.'s Mot. for T.R.O. Prelim. Inj. at 4.) Plaintiff cites to "Llewelin v. Oakland" in support of this statement, however he provides no citation for the case or even the jurisdiction in which the case was decided and though the Court endeavored to find the case entitled "Llewelin v. Oakland," It was unable to find any such case.

After evaluating this factor, the Court finds that it is in the public's interest best interest for Plaintiff's preliminary injunction to be denied. The public interest is better served when prisons are run efficiently and operated by prison officials. Howard v. Skolnik, 2008 WL 4568033 (D.Nev. Oct. 8, 2008) citing Turner v. Safley, 482 U.S. 78, 85 (1987). If the Court were to grant the injunction and require the prison to require one of their Correctional Officers to "keep away" from one of the prisoners, it could disrupt the operations of the prison, which would not be in the public's interest and therefore Plaintiff also does not satisfy this factor.

### III. CONCLUSION

Having reviewed the submissions from both parties and after a careful examination of the requirements for the issuance of a preliminary injunction, this Court recommends that Plaintiff's application for a preliminary injunction be denied because Plaintiff failed to provide sufficient evidence that he would likely be successful on the merits at a final hearing; Plaintiff failed to provide sufficient evidence of irreparable harm; Defendant showed the potential for irreparable harm; and it is in the public interest for the preliminary injunction not to be issued.   Therefore, for good cause shown,

IT IS on this 15th day of January, 2009,

RECOMMENDED that Plaintiff's Application for a Preliminary Injunction and Temporary Restraining Order be DENIED[1]; and it is further

ORDERED that pursuant to L.CIV. R. 72.1(c)(2) and FED. R. CIV. P. 72(b), within ten (10) days after being served with a copy of the recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within ten (10) days after being served with a copy thereof; and it is further

ORDERED that the Clerk of the Court send a hard copy of this Report and Recommendation to Plaintiff at the only address for Plaintiff known to the Court:

>   Boris Boretsky
>   #550398-946903A
>   New Jersey State Prison
>   P.O. Box 861
>   Trenton, NJ 08625-0861

>   s/ Tonianne J. Bongiovanni
>   HONORABLE TONIANNE J. BONGIOVANNI
>   UNITED STATES MAGISTRATE JUDGE

---

[1] In his Reply to Defendants' Opposition to his Motion for a Preliminary Injunction and Temporary Restraining Order, Plaintiff requested that "at the very least, a hearing be scheduled to accept evidence." (Pla.'s Reply at 4.) However, the Court is not required to hear oral testimony when deciding a preliminary injunction motion. See Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1175-1176 (3d Cir. 1990) (holding that "affidavits were sufficiently lacking in substance to justify discretionary finding of 'lack of colorable factual support' necessary to give rise to need for hearing"); Further, factual conflicts, which have been found by courts to require a hearing, are not an issue here; rather it is the lack of support provided by Plaintiff. As such, it is RECOMMENDED that Plaintiff's request for a hearing also be denied.