**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
OCT - 7 2009
AT 8:30_____M
WILLIAM T. WALSH
CLERK

BORIS BORETSKY, )
)
Plaintiff, )
)
v. ) Civil Action No. 08-2265 (GEB)
)
JON CORZINE, et. al, ) **MEMORANDUM OPINION**
)
Defendants. )

**BROWN, Chief Judge**

**I.     Background**

This case comes before the Court upon plaintiff Boris Boretsky's motions for entry of separate and final judgment (Dkt. No. 101), and for a temporary restraining order or preliminary injunction (Dkt. No. 102). For the reasons stated below, both motions are denied.

**A.     Facts**

Boris Boretsky is a prisoner alleging various violations of his civil rights and seeking relief under 42 U.S.C. § 1983.

**B.     Procedural History**

On May 12, 2008, Plaintiff and approximately thirty-nine other prisoners filed a complaint against Jon Corzine, Michelle R. Ricci, Anne Milgram, George W. Hayman and several others for alleged violations of their constitutional rights while incarcerated, among other claims. (Dkt. No. 1). On June 23, 2008, the Court entered an order dismissing all co-plaintiffs

1

from the instant action except for Boris Boretsky, with the instruction that new cases would be opened for the enumerated co-plaintiffs. (Dkt. No. 20). The Court's Order also stated that within thirty days, each plaintiff, including Plaintiff Boretsky, could indicate his intent to proceed with his case by filing an amended complaint asserting his individual claims. (Dkt. No. 20). On July 7, 2008, Plaintiff Boretsky and twenty-two co-plaintiffs together filed an amended complaint, purportedly in compliance with the Court's instructions in its June 23 Order. (Dkt. No. 24). On July 23, 2008, the Court entered an Order, dismissing the amended complaint filed by the twenty-three coplaintiffs and allowed the co-plaintiffs fourteen days to filed amended complaints asserting their individual claims. (Dkt. No. 41). On August 1, 2008, Plaintiff Boretsky filed his amended complaint in compliance with the Court's Order. (Dkt. No. 50).

On September 15, 2008, Plaintiff Boretsky filed his first Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 57). Subsequently, the Court completed its initial review of Plaintiff's Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from such relief. On November 20, 2008, the Court entered an Order allowing Plaintiff's Eighth Amendment conditions of confinement claim to proceed against all Defendants; allowing Plaintiff's First Amendment free exercise claim to proceed against Defendants Milgram, Hayman, Ricci, Mee, Jr. and Bell; dismissing with prejudice Plaintiff's claim under the Religious Freedom Restoration Act; allowing Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act to proceed against Defendants Milgram, Hayman, Ricci, Mee, Jr. and Bell; allowing Plaintiff's Due Process claim arising out of Plaintiff's transfer to "isolation" to proceed against Defendants Milgram, Hayman, Ricci, Mee, Jr. and Bell; and dismissing all Plaintiff's other claims without prejudice. (Dkt. No. 64). The Court has already denied Plaintiff's previous Motion for a Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 71, 97).

Currently before the Court is the Plaintiff's Motion for Entry of a Separate and Final

Judgment with regard to the Order issued by this Court on May 11, 2009, denying his Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 57). Plaintiff filed this Motion because he "intents [sic] to file an Appeal to the Third Circuit Court of Appeals." (Pl.'s Mot. for Entry of Sep. and Fin. Judgment at 1). Also, Plaintiff has filed another Motion for TRO and Preliminary Injunction, citing no new facts. (Dkt No. 102).

## II. Discussion

### A. Entry of Separate and Final Judgment

Plaintiff has filed a motion under Federal Rule of Civil Procedure 54(b), seeking to have this Court's order of May 11, 2009 certified as a final judgment. Federal Rule of Civil Procedure 54(b) provides a mechanism for rendering a partial final judgment as to some, but not all, parties or claims in a single action. *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005), (citing *Berckeley Inv. Group, Ltd. v. Colkitt*, 259 F.3d 135, 140 (3d Cir. 2001)). In essence, "Rule 54(b) permits the district court to separate out final decisions from non-final decisions in multiple party and/or multiple claim litigation in order to allow immediate appeal." *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 162 (3d Cir. 2005) (quoting *Weiss v. York Hosp.*, 745 F.2d 786, 802 (3d Cir. 1984), cert. denied, 470 U.S. 1060 (1985)).

However, the appellate court has jurisdiction to consider an appeal from the denial of a request for a preliminary injunction as a matter of right under 28 U.S.C. § 1292(a). Because the entry of a separate and final judgment is not necessary to facilitate Plaintiff's appeal, the Motion for a Separate and Final Judgment (Dkt. No. 101) is DENIED. Further, the motion shall be treated as a notice of appeal pursuant to Fed. R. App. P. 3(c).

### B. TRO/Preliminary Injunction

For the reasons stated in the Opinion of this Court dated May 11, 2009 (Dkt. No. 57), the Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction is DENIED.

## III. Conclusion

For the reasons stated above, Plaintiff Boretsky's motion for entry of a separate and final judgment (Dkt. No. 101) is DENIED, and Plaintiff Boretsky's motion for a temporary restraining order or preliminary injunction (Dkt. No. 102) is DENIED.  An appropriate form order is filed herewith.

Dated: October __7__, 2009

_/s/ Garrett E. Brown_
GARRETT E. BROWN, JR., U.S.D.J.