<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BORIS BORETSKY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-2265 (GEB) |
| JON CORZINE, et. al, | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of defendants Jon Corzine and Anne Milgram ("defendants") for judgment on the pleadings (Doc. No. 115) and the motion of plaintiff Boris Boretsky ("plaintiff" or "Boretsky") for a temporary restraining order and preliminary injunction (Doc. No. 123). Both motions are opposed. The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Court will grant the defendants' motion for judgment on the pleadings and deny the plaintiff's motion for a temporary restraining order and preliminary injunction.

**I.     BACKGROUND**

Plaintiff Boris Boretsky is a prisoner alleging various violations of his civil rights and seeking relief under 42 U.S.C. § 1983.

On May 12, 2008, plaintiff and approximately thirty-nine other prisoners filed a complaint against Jon Corzine, Michelle R. Ricci, Anne Milgram, George W. Hayman and several others for alleged violations of their constitutional rights while incarcerated, among other claims. (Doc. No. 1.) On June 23, 2008, the Court entered an order dismissing all co-plaintiffs from the instant action except for Boris Boretsky, with the instruction that new cases would be opened for the enumerated co-plaintiffs. (Doc. No. 20.) The Court's order also stated that within thirty days, each plaintiff, including plaintiff Boretsky, could indicate his intent to proceed with his case by filing an amended complaint asserting his individual claims. (Doc. No. 20.) On July 7, 2008, plaintiff Boretsky and twenty-two co-plaintiffs together filed an amended complaint, purportedly in compliance with the Court's instructions in its June 23 Order. (Doc. No. 24.) On July 23, 2008, the Court entered an Order, dismissing the amended complaint filed by the twenty-three coplaintiffs and allowed the co-plaintiffs fourteen days to filed amended complaints asserting their individual claims. (Doc. No. 41.) On August 1, 2008, plaintiff Boretsky filed his amended complaint in compliance with the Court's Order. (Doc. No. 50.)

On September 15, 2008, plaintiff Boretsky filed his first Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 57.) Subsequently, the Court completed its initial review of plaintiff's amended complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from such relief. On November 20, 2008, the Court entered an order allowing Plaintiff's Eighth Amendment conditions of confinement claim to proceed against all Defendants; allowing plaintiff's First Amendment free exercise claim to proceed against Defendants Milgram, Hayman, Ricci, Mee, Jr. and Bell; dismissing with

2

prejudice plaintiff's claim under the Religious Freedom Restoration Act; allowing plaintiff's claim under the Religious Land Use and Institutionalized Persons Act to proceed against Defendants Milgram, Hayman, Ricci, Mee, Jr. and Bell; allowing plaintiff's Due Process claim arising out of plaintiff's transfer to "isolation" to proceed against Defendants Milgram, Hayman, Ricci, Mee, Jr. and Bell; and dismissing all plaintiff's other claims without prejudice. (Doc. No. 64.)

On October 7, 2009, the Court denied plaintiff's motion for entry of separate and final judgment, and also denied plaintiff's third motion for a temporary restraining order. (Doc. No. 110.) Currently before the Court is plaintiff's fourth motion for a temporary restraining order. (Doc. No. 123.)

## II.   DISCUSSION

Defendants Jon Corzine and Anne Milgram have filed a motion for judgment on the pleadings, arguing that: (1) plaintiff's claims regarding defendants Milgram and Corzine are either not entitled to the assumption of truth or lack facts that plausibly show that these defendants violated his constitutional rights; and (2) plaintiff's federal constitutional claims regarding his placement in the special sentence unit should not be heard by this Court because resolution of these claims in federal court would interfere with an ongoing state proceeding.

### A.   Standard of Review

"A Rule 12(c) motion for judgment on the pleadings is treated like a motion to dismiss under Rule 12(b)(6)." *Borough of Sayreville v. Union Carbide Corp.*, 923 F. Supp. 671, 676 (D.N.J. 1996) (citing *Turbe v. Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all

well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

    **B.**    **Application**

Defendants Corzine and Milgram argue that plaintiff's allegations against them are either conclusory and not entitled to the assumption of truth, or lack facts that plausibly show that the defendants violated his constitutional rights. (Defs.' Br. at 7; Doc. No. 115.) Plaintiff's allegations against Defendants Corzine and Milgram, as stated in his complaint, are as follows:

(1)  Defendants Corzine and Milgram "conspired to retaliate and violate the constitutional rights of the plaintiff and failed to properly supervise state employees. [They] implemented policy to entice campaign contributions." (Third Am. Compl. at 4; Doc. No. 72.)

(2)  Defendants Corzine and Milgram "have been personally involved in the Department of Corrections' customs, practice, and unspoken policy of disregarding inmate constitutionally-protected rights, denying inmate a meaningful process by which to challenge his wrongful treatment, seeking to prevent inmate from court access to redress his grievances, and pursuing court action against the Department of Corrections." *Id.* at 7.

(3)  "Plaintiff has been illegally and unlawfully placed on isolation status without reason, notice, or due process with deliberate indifference to the constitution (and even active encouragement) of Defendants Corzine and Milgram." *Id.*

(4)  Due to the unlawful and illegal acts of Defendants Corzine and Milgram, "plaintiff is in the [sic] continued state of excitement that causes him harm and severe psychological injury." *Id.* at 10.

(5)  Plaintiff was told that the order to put him in the Special Sentence Unit ("SSU") came from the "Attorney General's Office." *Id.*

(6)  Defendant Milgram "reached an agreement [with other defendants] to deprive [plaintiff] of [his] constitutional rights." *Id.* at 11.

(7)  Defendant Corzine "failed to properly train and supervise the other defendants." *Id.* at 16.

(8)  Defendant Corzine "incited and promoted the conduct outlined in the complaint to advance his own agenda." *Id.*

(9)  Defendant Corzine "knew, or reasonably should have known of the constitutional violations, and they failed to do anything about it." *Id.* at 19.

(10) Defendants Corzine and Milgram "are duping and deceiving the taxpayers of New Jersey and using the plaintiff as [a] pawn in their game of deception in order to generate campaign contributions and advance their own agenda." *Id.* at 20.

The defendants argue that these assertions, as in *Iqbal*, contain no facts that plausibly show that a claim exists against defendants, and that they are conclusory. (Defs.' Br. at 9; Doc. No. 115.) Specifically, defendants argue that claims (1), (2), (3), (6), (7), and (9) are legal conclusions not entitled to the assumption of truth. They argue that these allegations "do not offer a factual basis for concluding that Defendants Corzine and Milgram conspired to retaliate against Plaintiff, violated his constitutional rights, were personally involved in the DOC's policies, failed to train or supervise the other defendants, or acted with deliberate indifference to the constitution." (*Id.*)

Next, defendants argue that the remaining claims (4), (5), (8), and (10) "do not contain facts plausibly showing that defendants violated plaintiff's constitutional rights." (*Id.*) They argue that "Plaintiff's complaint pleads facts 'merely consistent with [defendants'] liability,' raising only the possibility the Defendants Corzine and Milgram are liable for the alleged misconduct, but 'stop[ping] short of the line' of plausibility required for entitlement to relief. *Id.* at 10 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1951.)

Plaintiff argues that his claims against defendants Corzine and Milgram should be allowed to continue, arguing that they "conspired to retaliate against plaintiff, violated his constitutional rights, were personally involved in the DOC's policies, failed [to] train or supervise other defendants, or acted with deliberate indifference to the constitution." (Pl.'s Opp. at 6; Doc. No. 121.) Plaintiff then argues a respondeat superior theory of liability, stating that a defendant can be liable under section 1983 for a subordinate's action if "there is an affirmative link between the defendnat's acts or omissions and the 'street level misconduct.'" (*Id.* (quoting *Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989)). Unfortunately, plaintiff does not

6

plead this link in his complaint. The only fact alleged in the complaint, which is supported by various other inmates, is that the order to create the Special Sentence Unit came directly from Governor Corzine and Attorney General Milgram. (Third Am. Compl. at ¶ 10.)

The Court concludes that this sole fact, taken as true, does not raise a possibility that Defendants Corzine and Milgram are liable for any of the alleged misconduct. The Court further concludes that claims (1), (2), (3), (6), (7), and (9) are legal conclusions not entitled to the assumption of truth. Finally, the Court concludes that claims (4), (5), (8), and (10) do not contain facts plausibly showing that defendants violated plaintiff's constitutional rights, and therefore the Court will grant defendants' motion for judgment on the pleadings.

Defendants also raise a second argument: that the Court should abstain from hearing plaintiff's federal constitutional claims that he was unlawfully placed in the Special Sentence Unit because "resolution of this claim in federal court would interfere with an ongoing state proceeding." (Defs.' Br. at 10; Doc. No. 115.) Defendants argue that the *Younger* abstention doctrine governs whether the Court should abstain from this case. *Id.* While defendants aptly and succinctly state the law of federal abstention, they fail to point to any state proceeding that is currently ongoing, and only state that "[p]laintiff has failed to pursue and administrative appeal that would produce an agency decision appealable to the Appellate Division before raising his federal constitutional claims with this Court regarding the administrative determination to place him on the SSU." (*Id.* at 14-15.) The Court concludes that this single sentence regarding the status of plaintiff's underlying state proceeding is insufficient to determine whether this case meets the test for *Younger* abstention at this time.

Plaintiff also moves for a temporary restraining order and preliminary injunction. (Doc.

No. 123.) This motion is identical to plaintiff's past motions for temporary restraining orders (Doc. Nos. 2, 57, 102) except that it alleges that a different corrections officer is now retaliating against plaintiff. For the same reasons the first three motions for temporary restraining orders and preliminary injunctions were denied, so is the fourth.

### III. CONCLUSION

For the reasons stated herein, the Court will grant defendants Jon Corzine and Anne Milgram's motion for judgment on the pleadings (Doc. No. 115) and deny plaintiff's motion for temporary restraining order and preliminary injunction (Doc. No. 123). An appropriate form of order is filed herewith.


Dated: February 16, 2010


        s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.